UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFF BACHNER,

                            Plaintiff,

        - against -

ELEGRAN, LLC,

                           Defendant.

Docket No.  18-cv-8564

JURY TRIAL DEMANDED

## COMPLAINT

       Plaintiff Jeff Bachner ("Bachner" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Elegran, LLC ("Elegran" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

       1.      This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of the Queensboro bridge, owned and registered by Bachner, a New York based professional photographer. Accordingly, Bachner seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

       2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Bachner is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 110 Shore Blvd., Apt. 6L, Brooklyn, New York 11235.

6.     Upon information and belief, Elegran is a domestic limited liability company duly organized and existing under the laws of the State of New York, with a place of business 5 Bryant Park, New York, NY 10018. Upon information and belief Elegran is registered with the New York Department of State Division of Corporations to do business in the State of New York.  At all times material, hereto, Elegran has owned and operated a commercial website at the URL: www. elegran.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7.     Bachner photographed the Queensboro bridge (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.     Bachner then licensed the Photograph to the Daily News. On  March 4, 2011, the New York Daily News ran an article that featured the Photograph titled *Revelry at Ravel: LIC hotel transforms an industrial area into an evening playground.*  See URLhttp://www.nydailynews.com/life-style/real-estate/revelry-ravel-lic-hotel-transforms-industrial-area-evening-playground-article-1.1043671.  Bachner's name was featured in a gutter

credit identifying him as the photographer of the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

9.      Bachner is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10.     The Photograph was registered with the United States Copyright Office and was given registration number VA 2-104-178 and titled "03.04.11, Queensboro Bridge, Bachner.jpg." See Exhibit C.

**B.      Defendant's Infringing Activities**

11.     On or about June 2013 Elegran ran an article on the Website titled *Dine and Drink on NYCS Top Ten Rocking Rooftops.* See URL https://www.elegran.com/blog/2013/06/dine-and-drink-on-nycs-top-ten-rocking-rooftops. The article prominently featured the Photograph. A screenshot of the article is attached hereto as Exhibit D since Elegran has taken down the article and the Photograph in the passing years.

12.     The article was part of Elegron's promotion of its real-estate offering in the neighborhoods featured in the article.

13.     Elegran did not license the Photograph from Plaintiff for its article, nor did Elegran have Plaintiff's permission or consent to publish the Photograph on its Website.

14.     Plaintiff first discovered Elegron's unauthorized use of the Photograph in or around June, 2017.

15.     Plaintiff, through its counsel, prior to initiating this action wrote a letter to Elegron on July 5, 2018.  Plaintiff followed-up on the letter on m numerous occasions. Elegron never responded to the letter or follow-ups.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
## (17 U.S.C. §§ 106, 501)

16.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-15 above.

17.     Elegran infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Elegran is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

18.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

19.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

20.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST
## DEFENDANT
## (17 U.S.C. § 1202)

21.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

22.     Upon information and belief, in its article on the Website, Defendant copied the Photograph from the New York Daily News which contained a gutter credit underneath the Photograph stating "Jeff Bachner" and placed it on its Website without the gutter credit.

23.     Upon information and belief, Elegran intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

24.     The conduct of Elegran violates 17 U.S.C. § 1202(b).

25.     Upon information and belief, Elegran's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

26.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Elegran intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Elegran also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

27.     As a result of the wrongful conduct of Elegran as alleged herein, Plaintiff is entitled to recover from Elegran the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Elegran because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

28.     Alternatively, Plaintiff may elect to recover from Elegran statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.      That Defendant Elegran be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.      The Defendant Elegran be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.      That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4.      That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.      That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7.      That Plaintiff be awarded pre-judgment interest; and

8.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
September 19, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/JosephADunne
Joseph A. Dunne, Esq.
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
JD@LiebowitzLawFirm.com

*Attorneys for Plaintiff*